Chief Justice Bibb
delivered the Opinion of the Court.
[Absent Judge Mills.]
Upon a bill exhibited by Moseley against these appellants, they answered, and the cause progressed to a hearing. The circuit court pronounced an interlocutory decree, settling the rights of the parties, and directed the surveyor to go on the lands to ascertain, by metes and bounds, the part to he conveyed to Moseley according to the principles of the decree. By consent, the parties mutually appealed, and by the decree in those causes, the appellate court gave an opinion and decree, final as to the mutual rights of the parties under their entries and grants, but remanded the cause to the circuit court, with a mandate to execute the principles of that opinion and decree. That decision was in 1819, and is, reported in 1 Marsh. 606.
After the mandate was entered in the circuit court, some of the infants, who had arrived at full age, presented an answer and petition to open the decree, and to be permitted to file the answer and make tee defence therein set up; but on argument the court refused the prayer of the petition, and proceeded to carry into effect the mandate.
The surveyor’s report being returned and not excepted to, the court pronounced a decree, ordering a conveyance of the elder legal title, from which the defendants have again appealed.
The conformity of the decree of the circuit court to the mandate of the appellate court, is not questioned. The effort below and here is, to get behind the decree of 1819; to rehear the case and reverse the former decree of the appellate court. Upon inspecting the answer of the defendants offered and rejected, it suggests no new matter or fact which does not appear by the pleadings, exhibits, and proofs on the former hearing. It alludes to the *415 exhibits and facts in the cause, and therefrom suggests certain questions of law. That which was called an answer in the petition presented, may be properly called a recapitulation of she facts in issue, with an assignment of errors, supposed to exist in the opinion and conclusions drawn by the Court of Appeals, thereby to reverse and annul the former decree.
Where an interlocutory decree is appealed from by consent, the interlocutor affirmed or directed by this court, is not afterwards in the power of the inferior court —as would have been the case had the cause never have been here.
It is said that because the decree appealed from by Consent, was only interlocutory, that therefore, the decree of the Court of Appeals partook of the flexibility of an interlocutory decree, and was subject to be altered and totally changed by the circuit court. True, the decree appealed from was interlocutory, and the. circuit court had power to change and would it at pleasure, nor could an appeal have been taken from such a decree, but by consent. But the. very object of the assent and appeal from such a decree, was to have the rights of the parties fixed conclusively and finally, upon principles which the circuit court could not alter. And when the decree of 1819 was pronounced in the appellate court, and that opinion, decree and mandate, sent down to the circuit to be executed, it was final in its effects, and beyond the power of that court, or of this, to change, reverse or annul.
This question was moved in the case of Brown vs Crow’s heirs, Hardin, 443, discussed and settled, and has been followed ever since as the law of the court. In an anonymous case, 7 Cranch, 1, and in Skillern’s ex’rs vs May’s heirs, 6 Cranch, 267, similar attempts to rehear or avoid the decree of the Supreme Court of the United States, received the like decision in that court; to which many more examples might, be added. A contrary decision would involve the contradiction of an appeal from a decree of the appellate tribunal to itself. And if the assignment of errors now made, questioning the merits of the decree, could prevail and be successful, as urged, such success would bring forth the ridiculous absardity of a reversal of the proceedings of the inferior tribunas, because it had obeyed the mandate of the supreme tribunal.
Infant defendants in the circuit court who appeal to this court, are not allowed by this court time after full age to shew cause against the decree here— nor in the circuit court as to the decree this court may affirm or direct to be entered—
-But decree in execution of the mandate of this court, in which the insert are not actor shall allow them, as in all other decrees against them as defendants, six months after full age to shew cause.
*416 But it has been argued that this case is an exception to the general rule, because of the infancy of some of the defendants.
The interests of infants are, in the general, so far regarded, that tin decree in the courts of origin, ál jurisdiction should be pronounced against them* without giving day to show cause after full age; and the rule is, that an infant arriving at full age, may put in a new answer, make defence and examine witnesses anew. So it is ruled in Bennet vs Lee, 2 Atk. 531; Fountain vs Caine and Jeffs, 1 Pr. Wms. 504, and Napier vs Effingham, 2 Pr. Wms. 403. But an infant, when plaintiff, is as little privileged, unless under extraordinary circumstances, and is as much bound by a decree, as a person of full age. So the. rule is laid down in Gregory vs Molesworth, 3 Atk. 627; Brook vs Hereford, 2 Pr. Wms, 519, and Bennet vs Lee, supra. The present appellants were plaintiffs in an appeal in this cause, against Moseley formerly; upon their complaint, and in Moseley’s cross appeal, the decree of 1819 was pronounced; no day was given in that decree, to show cause against it, and there is no precedent in this court of such reservation in decrees, to which infants are parties. The proceedings under the mandate of 18:9, arc all that remained open for oh. jection in the court below; they are all that remain open for review or reversal in this court. It was, therefore, a very proper exercise of discretion in the circuit judge, to refuse leave to file an anssver; and to reject the petition, which proposed nothing hut to reverse the decree of the appellate court, contravene its mandate, and re-agitate questions over which he had no control; because they were involved in the appeals which had been prosecuted, and were finally closed and concluded by the decree rendered thereupon.
Except the omission of the court to reserve the time to the infants, after full age, to show cause, the errors complained of, require no farther notice, They all tend to a rehearing of and ask a reversal of, the decree of 1319. This we have no rightful power or authority to do; and reject the questions *417 propounded by those assignments of error, as not within the power of the court to act upon in this appeal.
It is error in a decree against infant defendants not to reserve for them the privilege of shewing cause within six months after full age-
Decree for this cause reversed with out costs.
Triplett for appellant
But according to the established Usage of the court, the decree must be reversed, for tailing to give day to the infants who had not arrived at full age, to show cause against the decree.
If I had not found the practice so firmly established in the court, I should have hesitated to reverse a decree for no other cause than the omission to reserve to infants the usual time to show cause against the decree. The benefits intended by such express reservation might, perhaps, have been more beneficially secured by allowing the infants to use their privilege, although omitted to be mentioned or reserved in the court below, and in exercising the appellate and revising powers of this court, over the. decisions of the courts of original jurisdiction in deciding upon the applications and causes shown, as they should arise. I do not see the utility, nor remote consequences of reversing decrees barely for the omission, affirming all other parts of a de-decree, and remanding the cause for such an addition. But finding the practice established by so many precedents, I have no disposition to unsettle that, which has been thus settled.
It is therefore decreed and ordered, that it be certified to the circuit court, that the decree is erroneous, in omitting to give to the infant defendants the usual time of six months after their arriving at full age, to show cause against the decree of the circuit court, but that in the residue of the said decree of the court, there is no error—and the cause is remanded to the circuit court with directions to reform the decree accordingly.
And it is further decreed and ordered, that each party in this court pay his own costs, in this behalf expended.